```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER E. BROWN,

                    Plaintiff,
                                         MEMORANDUM & ORDER
       -against-                         14-CV-0551(JS)(ARL)

BALDWIN SQUARE LLC, a New York
Limited Liability Company,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Olivia Damaris Rosario, Esq.
                   Law Office of Olivia Damaris Rosario
                   111 Broadway, Suite 1801
                   New York, NY 10006

For Defendant:     Michael A. Siskin, Esq.
                   17 Barstow Road, Suite 408
                   Great Neck, NY 11021
```

SEYBERT, District Judge:

Pending before the Court is (1) Defendant's motion to set aside its default (Docket Entry 8); and (2) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion to set aside its default (Docket Entry 10.) For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiff Christopher E. Brown ("Plaintiff") commenced this action on January 27, 2014 against defendant Baldwin Square, LLC's ("Defendant"). Plaintiff alleges that he was denied access to Defendant's shopping center in violation of the Americans with

Disabilities Act, 42 U.S.C. § 12181, et seq., and Section 40 of the New York Civil Rights Law. (Compl. ¶¶ 1-12.) On May 2, 2014, Plaintiff filed an affidavit of service affirming that the Summons and Complaint was served on Defendant through the Secretary of State on April 3, 2014. (Docket Entry 4.) Defendant did not answer or otherwise respond to the Complaint, and Plaintiff requested a certificate of default on June 2, 2014. (Docket Entry 5.) The next day, the Clerk of the Court certified Defendant's default. (Docket Entry 6.)

On June 12, 2014, Defendant moved to set aside the Clerk's entry of default. (Docket Entry 8.) On June 17, 2014, the undersigned referred Defendant's motion to Magistrate Judge Arlene R. Lindsay to issue an R&R on whether the motion should be granted. (Docket Entry 9.) On November 17, 2014, Judge Lindsay issued her R&R recommending that the Court grant Defendant's motion to set aside the Clerk's entry of Default. (Docket Entry 10.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

<u>CONCLUSION</u>

Judge Lindsay's R&R (Docket Entry 10) is ADOPTED in its entirety and Plaintiffs' motion to set aside default (Docket Entry 8) is GRANTED. Defendant shall file and Answer, or otherwise respond to the Complaint within thirty (30) days of the entry of this Order.

SO ORDERED.

/s JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March   9  , 2015
       Central Islip, New York